IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **CURTIS D. HULING,** | : |
| Petitioner, | : |
| | : Case No. 4:16-cr-25-CDL-CHW |
| | : Case No. 4:24-cv-50-CDL-CHW |
| v. | : 28 U.S.C. § 2255 |
| | : |
| **UNITED STATES OF AMERICA,** | : |
| Respondent. | : |

_____

## **REPORT AND RECOMMENDATION**

Before the Court is the Government's motion to dismiss Petitioner Curtis Huling's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 65, 63). For the following reasons, it is recommended that the Government's motion be granted.

### BACKGROUND

On August 9, 2016, a federal grand jury indicted Petitioner on one count of bank robbery. Indict., ECF No. 1. On January 23, 2017, Petitioner pleaded guilty to one count of bank robbery. Plea Sheet, ECF No. 27; Minute Order, Jan. 23, 2017, ECF No. 28.

Judgment was entered against Petitioner on June 21, 2017, and he was sentenced to a total term of 168 months' imprisonment, consecutive to any state sentence imposed in Muscogee County, Georgia, Superior Court case number SU16CR905; a total of three years of supervised release, and a $100 assessment. Judgment 1-6, ECF. No. 41. Relevant here, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1(a) based, in

part, on his 2008 Georgia conviction for aggravated assault. 2d Revised PSR ¶¶ 21 & 38, ECF No. 38; Sentencing Tr. 67, ECF No. 50.

Petitioner filed an appeal to the United States Court of Appeals for the Eleventh Circuit. Notice of Appeal, ECF No. 44. On July 10, 2018, the Eleventh Circuit affirmed Petitioner's sentence. *United States v. Huling*, 741 F. App'x 702 (11th Cir. 2018). On February 19, 2019, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. Letter, Feb. 19, 2019, ECF No. 56.

On October 16, 2023, Petitioner filed a motion for compassionate release.[1] Mot. for Compassionate Release, ECF No. 57. The Court denied the motion. R&R, Jan. 22, 2024, ECF No. 60; Order, Feb. 13, 2024, ECF No. 61 (adopting R&R and denying compassionate release).

On March 25, 2024, Petitioner effectively filed this motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 63).[2] Respondent responded on May 22, 2024, arguing that the Court should dismiss Petitioner's motion because (1) it is untimely, and (2) Petitioner did not attempt to show that he was entitled to any tolling of the statute of limitations. Resp't's Mot. to Dismiss, ECF No. 65. Petitioner responded to Respondent's

---

[1] In his form § 2255 motion, Petitioner responded "no" to the question of whether, other than his direct appeals he correctly listed on the form, he filed "any other motions, petitions, or applications" concerning his conviction in this case. Mot. to Vacate 2, ECF No. 63.

[2] Although the Court did not receive Petitioner's motion until April 12, 2024, Petitioner signed the motion on March 25, 2024. Mot. to Vacate 3. "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* The Government's motion to dismiss correctly applies this rule. Resp't's Mot. to Dismiss 4 n.1, ECF No. 65.

motion to dismiss (ECF No. 67).  This matter is ripe for review.

## DISCUSSION

### I. AEDPA Standards

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996, was created primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions by adding a one-year limitation period for the filing of habeas corpus petitions.  "The purpose of AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of [the Supreme Court of the United States's] habeas corpus jurisprudence."  *Hohn v. United States,* 524 U.S. 236, 264-65 (1998) (Scalia, J., dissenting).  In pertinent part, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

## II.   Petitioner's Claim

Judgment was entered against Petitioner on June 21, 2017, and Petitioner filed a direct appeal, as well as a certiorari petition with the Supreme Court. In postconviction cases like this, "[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). As is the case here, "a conviction becomes final the day the Supreme Court denies a petition for certiorari[.]" *Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007).

The Supreme Court denied Petitioner's petition for writ of certiorari on February 19, 2019. Accordingly, Petitioner's one-year limitations period pursuant to § 2255(f)(1) began to run on February 19, 2019, and expired on February 19, 2020. When Petitioner filed his § 2255 motion on March 25, 2024, he was over four years past the one-year limitations period established by AEDPA. This Court, therefore, lacks jurisdiction to consider the merits of Petitioner's claims unless he establishes that the limitations period should instead be calculated under § 2255(f)(3) because the right that he asserts "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). In the alternative, Petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. *Holland v. Fla.*, 560 U.S. 631, 649 (2010).

Both the Supreme Court and the Eleventh Circuit have held that the date of a decision is the date that triggers the one-year limitations period. *Dodd v. United States*, 545 U.S. 353, 358-59 (2005) ("Thus, if this Court decides a case recognizing a new right,

4

a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion."); *Weeks v. United States*, 382 F. App'x 845, 848 (11th Cir. 2010) (per curiam) (citing *Dodd*, 545 U.S. at 357, 360) ("For purposes of § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted.").

In his response to the motion to dismiss, Petitioner cites the Supreme Court case of *Borden v. United States*, 593 U.S. 420 (2021). Pet'r's Resp. to Mot. to Dismiss 2, ECF No. 67. Whether or not *Borden* recognized a new right, it was decided by the Supreme Court on June 10, 2021.[3] *Borden*, 593 U.S. 420. If *Borden* sets the accrual date for the statute of limitations, Petitioner would have had until June 10, 2022 to bring his claim under 28 U.S.C. § 2255(f)(3). Petitioner did not effectively file his motion to vacate until March 25, 2024, nearly two years after he could rely on *Borden* to file his motion to vacate under § 2255(f)(3). As a result, Petitioner's motion is untimely even if calculated under §

---

[3] The United States District Court for the Middle District of Georgia previously considered whether *Borden*, a case about the Armed Career Criminal Act ("ACCA"), had any application to § 2255(f)(3)'s newly recognized and retroactive rule of law provision in a motion to vacate filed by a defendant who was sentenced as a career offender—like Petitioner. *Hill v. United States*, No. 5:17-cr-00022-MTT-CHW-8, 2022 WL 10662622, at *2 (M.D. Ga. Aug. 19, 2022). The Court found that, even if *Borden* was not directly applicable but was analogous, the rule it announced was not retroactive because any sentencing error in the context of a career offender was procedural, rather than substantive. *Id.* As the Court noted, "outside of the ACCA context *Borden* is simply not a substantive new rule that entitles [a career offender] to retroactive review[,]" and the two exceptions which might make the *Borden* rule apply retroactively are inapplicable in this context. *United States v. Hill*, No. 5:17-cr-22 (MTT), 2022 WL 4534956, at *1-2 (M.D. Ga. Sept. 28, 2022) (adopting *Hill*, 2022 WL 10662622).

In an unpublished denial of an application for leave to file a second or successive motion to vacate, a panel of the Eleventh Circuit held that *Borden* did not announce "a new rule of constitutional law" but instead was a "new statutory rule interpreting the meaning of the term 'violent felony' in the ACCA." *In re Anthony Terry*, No. 21-12810, ECF No. 2-2, at 4 (11th Cir. Aug. 24, 2021). "The Supreme Court's interpretation of a substantive criminal statute, using established rules of statutory construction, does not announce a new rule of constitutional law within the meaning of § 2255." *Id.*

2255(f)(3), and this Court lacks jurisdiction to review his motion on the merits, unless Petitioner is entitled to equitable tolling.

Petitioner also appears to argue that he is entitled to equitable tolling of the AEDPA limitations period. Pet'r's Resp. to Mot. to Dismiss 1. He argues that the Atlanta, Georgia, correctional facility where he was housed was locked down from February 9, 2020, through February 19, 2020, due to what was then-believed to be "a flu outbreak." *Id.* However, according to Petitioner, the Covid-19 epidemic hindered him from pursuing relief from "being misclassified as a career offender[.]" *Id.*

A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations and citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) (citations omitted). However, "even where extraordinary circumstances exist, a habeas petitioner still has the burden to show reasonable diligence." *Jackson v. Sec'y, Dep't of Corr.*, 782 F. App'x 774, 777 (11th Cir. 2019) (per curiam) (first citing *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); and then citing *Melson v. Comm'r, Ala. Dep't of Corr.*, 713 F.3d 1086, 1089-90 (11th Cir. 2013) (per curiam)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268 (citation omitted).

The Eleventh Circuit has long held that lockdowns, without more, do not entitle a § 2255 petitioner to equitable tolling of the limitations period. *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000); *Sanchez v. United States*, 170 F. App'x 643, 647

6

(11th Cir. 2006) (per curiam) (citing *Akins*, 204 F.3d at 1090). The Eleventh Circuit has also addressed the Covid-19 pandemic in relation to equitable tolling of a § 2255 petition and found that the petitioner was not entitled to equitable tolling based upon the pandemic. *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987 (11th Cir. Feb. 8, 2022) (denying a certificate of appealability because no reasonable jurist would debate the district court's finding that the § 2255 petition was untimely and, without more, was not subject to equitable tolling based upon the lockdowns caused by the Covid-19 pandemic alone); *see also Shaw v. United States*, No. 2:20-cv-112, 2021 WL 3205067, at *2-3 (S.D. Ga. June 24, 2021) (citation omitted) (finding in a § 2255 motion that the lockdown status of an institution due to the Covid-19 pandemic does not present an extraordinary circumstance). Accordingly, Petitioner has not demonstrated that an extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649.

Finally, even if the Covid-19 pandemic constituted extraordinary circumstances, Petitioner has not shown that he has pursued his rights diligently. Although Petitioner was locked down for approximately ten days in February 2020, he does not allege the lockdown lasted indefinitely. Further, Petitioner waited well over four years after the lockdown allegedly was lifted to file his motion to vacate, and before that, he filed a motion for compassionate release in October 2023 (ECF No. 57). Petitioner also offers no explanation for why the lockdown in February 2020 would have prevented him from filing his motion to vacate based on *Borden*, which was issued in June 2021, more than sixteen months after the lockdown was allegedly lifted. This history demonstrates that Petitioner did not pursue his rights diligently. *Holland*, 560 U.S. at 649.

Accordingly, it is recommended that the Government's motion be granted and Petitioner's motion to vacate be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

If a court denies a collateral motion on the merits, this standard requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies a collateral motion on procedural grounds, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* Petitioner cannot meet either of these standards and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Respondent's motion to dismiss (ECF No. 65) be **GRANTED** and Petitioner's motion to vacate under 28 U.S.C. § 2255 (ECF No. 63) be **DISMISSED**.  It is further recommended that a certificate of appealability be denied.

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than **TWENTY (20) PAGES** in length. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Petitioner is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 25th day of November, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge